F I L E D
United States Court of Appeals
Tenth Circuit

APR 20 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN E. NAUGHTON,

    Defendant-Appellant.

No. 97-3300
(D.C. No. 96-CR-10070-02)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Neither party to this appeal has requested oral argument; therefore, this matter is submitted on the briefs. John E. Naughton appeals his sentence of ten months for the crime of willfully concealing knowledge that a felony was being committed. The crimes he concealed had to do with the manufacture and storing of explosive devices. The issue is simple: appellant contends the trial court erred in its finding that he knew there were

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

fifty-six explosive devices stored on his premises by Mahlon Helt. Because the number of devices makes a difference in the sentencing range, the issue is significant.

The record indicates Mr. Helt, who made the devices and stored them on Mr. Naughton's property, and Mr. Naughton originally were indicted as co-defendants. Mr. Naughton entered a plea agreement under which the charges in the indictment were dismissed against him, and an information to which he pled guilty was substituted.

During the course of the hearing on change of plea, the prosecutor advised the court that a pipe bomb had been found in Mr. Naughton's house, and in his garage a "large box [which] contained a number of what we would call explosive devices" was also found. Both defendant and his counsel agreed this statement was accurate.

At sentencing, defendant maintained the exact number of devices in the box could not be determined; therefore, sentencing should be based upon the weight of the explosive material that was contained in the box. Doing so, it was argued, would result in a sentence range of zero to six months. The government did not produce any evidence, but the court recalled having just heard the evidence in Mr. Helt's sentencing in which the government's expert testified there were fifty-six devices in the box. Counsel made no objection to the court's taking notice of this testimony, but instead argued Mr. Naughton simply did not know that number. The court, notwithstanding, on the basis of his recollection of the accuracy of the testimony at Mr. Helt's sentence hearing, made a

finding that the total number was fifty-six and imposed a sentence of ten months which was at the bottom of the guideline range.

On appeal, Mr. Naughton argues the prosecutor stated she could not tell how many devices were in the box; therefore, the district court's finding was tantamount to making Mr. Naughton a conspirator with Mr. Helt. On this basis, he urges we review the sentence *de novo*.

We, however, are guided by the long-standing principle that the district court's findings of fact on quantities for the purpose of sentencing will not be set aside unless they are clearly erroneous. *See **United States v. Richards,*** 27 F.3d 465, 468 (10th Cir. 1994). In light of the record, we cannot make that finding here.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge